## In re BOOTH.

### (District Court, N. D. New York. 1914.)

BANKRUPTCY (§ 336*)—CLAIMS—AMENDMENT—FILING.

   Where an attorney for certain labor claimants acquiesced in a referee's return of the claims because the proof was insufficient, and had sought to cure the defects by filing his own affidavit, which the referee refused to receive, the defects being substantial and no steps to refile having been made until more than a year thereafter, the claimants' right then to amend and refile was barred.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. § 336.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Raymond M. Booth. Petition to review a referee's order denying the petition of Patrick Burns for leave to file an amended proof of claim. Affirmed.

Del B. Salmon, of Schenectady, N. Y., for petitioner Burns.
G. V. Schenck, of Albany, N. Y., for trustee.

RAY, District Judge. On or about November 27, 1912, and after some preliminary talk and correspondence, the attorney for certain persons (some 35 or 36), including Burns, sent to the referee the labor claims of his clients, which were returned by the referee as informal, imperfect, not made out according to law, etc. The referee refused to file them. The attorney under date of December 9, 1912, then wrote:

"Your letter of November 29th and the suggestions therein made have been very carefully considered by me. I agree with you in every respect, however, I find that it will be almost impossible for me to have the proofs re-executed, and am sending you an affidavit made by myself supplying the date required, which I trust will be acceptable as supplemental to the proofs as originally executed.

"The facts, of course, are as stated in the proofs as read in conjunction with my affidavit, and it would seem to me that there can be no resulting inconvenience to trustee or creditors should my affidavit be sufficiently explicit to furnish all the data required. If satisfactory kindly advise me.

"Thanking you again for your many courtesies in the matter, I am."

The referee replied:

"While I should be glad to accept the affidavit submitted by you in the Booth matter as covering the objection to the thirty-six claims which I have heretofore returned to you for correction, it is quite impossible for me to do so. I am sorry to impose upon you the trouble of presenting all the claims in the required form, and I should be glad to suggest some short method by which the necessary result may be obtained; nevertheless the law demands that each claim shall be complete and perfect and in such plain and accurate terms as will enable any party in interest to determine for himself exactly what the claim represents and what its merits are. Accordingly I herewith return your affidavit."

The claims as made were retained by the attorney. Same were not amended or corrected or returned to the referee. The administration of the estate proceeded in due course, and these claimants,

including Burns, were not represented and made no further move in the matter of proving their claims or having them allowed.

In May, 1914, more than a year after adjudication, the petitioner filed his petition and presented a so-called amended claim for Burns, making a test case, asking that such amendment be allowed and the amended claim filed. This, and I assume the others, are labor claims, and it is alleged they are preferred or entitled to priority under subdivision 4, § 64, of the Bankruptcy Act (July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]).

The referee denied the motion to file the so-called amended claim on the ground of laches, and that no proof of claim had been filed within the year allowed for filing claims. It seems to me, notwithstanding the equities involved, that the attorney for these claimants acquiesced in the return of the claims unfiled, and conceded that they were not entitled to be filed, and that the matter stood as though no proofs of claim at all had been sent to the referee until long after the time to present and file proofs of claim had expired, and that the referee was without power to grant the prayer of the petition of Burns to file the alleged amended claim in 1914.

Claims, to be entitled to filing, must contain certain averments, state certain facts, and, clearly, if a claim is refused filing and is returned and the claimant acquiesces in the return and permits the year to go by before filing either new or amended proofs, he cannot, in the absence of fraud, be allowed to come in and file thereafter. Here there was no fraud. The referee gave notice of the defects, refused to file and gave notice, refused to accept an affidavit as an amendment and gave notice of that action, and the creditor took no action until more than a year thereafter. It seems to me clear that the application came too late and that the order of the referee must be affirmed. The defects in the proofs of claim offered were not formal merely, but went to the validity of the claim itself. This was conceded, and the matter remained in this condition with no claim in behalf of Burns on file while meetings of creditors were being held, action taken, and a dividend declared.

Order affirmed.